IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ZALTON EDGAR BROOKS,

                             Plaintiff
       VS.

Major CHARLES HOLT, *et al.*,

                           Defendants

NO. 5:08-CV-331 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is a MOTION FOR SUMMARY JUDGMENT filed by defendants Charles Holt, Mr. Anderson, Mrs. Hays, and Deputy Bell. Tab #33. The motion is supported by a brief, a statement of material facts, and an exhibit. Upon receipt of this motion, the undersigned directed plaintiff Zalton Edgar Brooks to file a response. Tab #35. To date, the plaintiff has failed to file any such response.[1] The defendants' motion seeking summary judgment is now ripe for review.

### FACTUAL BACKGROUND

In his complaint, plaintiff Brooks alleges that the defendants, through the unlawful use of excessive force, violated his constitutional rights. The genesis of his claims involves an August 28, 2008 incident during which plaintiff admits repeatedly refusing to comply with the lawful directions of Houston County Detention Center staff. In response to this insubordination, he was issued a disciplinary report, physically restrained, and moved to administrative segregation. He asserts that during this process, as well as on the morning after the incident, he was threatened with a tazer gun, harassed, and physically injured by the defendants' use of excessive force. He further alleges that, in addition to failing to comply with certain post use of force procedures, the defendants ignored his subsequent attempts seeking redress.

---

[1] The plaintiff's only substantive pleading filed after the defendant's motion seeking summary judgment was a motion requesting that a trial be scheduled. Tab #37. This motion has been denied. Tab #38.

## LEGAL STANDARDS

SUMMARY JUDGMENT

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
> > *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
> >
> > > *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
> > >
> > > *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
> > >
> > > *(C) the movant may file a reply within 14 days after the response is served.*
> >
> > *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202(1986).[2]

### EXCESSIVE FORCE

The Eleventh Circuit has noted that to establish an Eighth Amendment violation a prisoner must prove that an injury was caused by an unnecessary and wanton infliction of pain. In such cases, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Absence of serious injury alone is, however, insufficient to dismiss a prisoner's Eighth Amendment claim. *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).[3]

---

[2] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

[3] Analysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible official, and any efforts made to temper the severity of a forceful response. Only *de minimis* uses of force are beyond constitutional recognition. *Id.*

## DISCUSSION

As set forth more comprehensively in the preceding factual background section, plaintiff Brooks' claims involve allegations of excessive force incident to, and on the morning after, his admitted insubordination. In response to these allegations, the defendants filed the instant motion seeking summary judgment wherein they deny any violation of the plaintiff's rights. Plaintiff was given ample opportunity but failed to respond to the motion despite specific direction to do so by the court.[4] Accordingly, and in view of the plaintiff's failure to provide any further support for his allegations, the undersigned finds the facts as set forth by the defendants in their STATEMENT OF MATERIAL FACTS TO WHICH THERE EXISTS NO GENUINE ISSUE TO BE TRIED. Tab #33. The undersigned further finds that there is no genuine dispute on any issue raised by plaintiff Brooks.

In light of the foregoing, and after carefully reviewing the defendants' motion seeking summary judgment, as well as the brief and exhibit submitted in support thereof, the undersigned concludes that the plaintiff's claims are not substantiated and that the defendants are entitled to judgment as a matter of law. Accordingly, **IT IS RECOMMENDED** that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

**SO RECOMMENDED,** this 29th day of JANUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4] To the extent that the plaintiff's motion seeking a trial date may be construed as a response to the motion seeking summary judgment, the assertions contained therein do not change the undersigned's ultimate recommendation on the defendants' motion seeking summary judgment. This conclusion is premised upon the fact that the plaintiff's motion, in relevant part, contains only unsupported and conclusory allegations which are insufficient to overcome the arguments and supporting evidence submitted by the defendants.